UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABDUL POLK** | **CIVIL ACTION NO.:** |
| **VERSUS** | **SECTION:** |
| **MARLIN N. GUSMAN**<br>    **SHERIFF OF ORLEANS PARISH** | **JUDGE:** |
| **CHAZ RUIZ**<br>    **WARDEN, ORLEANS JUSTICE CENTER**<br>    **AT ORLEANS PARISH PRISON** | **MAGISTRATE:** |
| **DEPUTY SANDERS**<br>    **OFFICER, ORLEANS JUSTICE CENTER**<br>    **AT ORLEANS PARISH PRISON** | |

**COMPLAINT**

**NOW INTO COURT**, through undersigned counsel comes, ABDUL POLK ("Polk" or "Plaintiff") who respectfully represents that:

**JURISDICTION AND VENUE**

1.

This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for claims arising under the Eighth Amendment of the Constitution of the United States.

2.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3.

Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. §§ 2201 and 2202.

4.

Supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over claims arising under laws of the State of Louisiana, La. C.C. Art. 2315 and La. C.C. Art. 2320.

5.

The events or omissions giving rise to the claims occurred in the Eastern District of Louisiana. As a result, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## **PARTIES**

6.

Plaintiff ABDUL POLK is a person of the full age of majority and resident of St. Bernard Parish, State of Louisiana. At all times relevant to this Complaint, he was incarcerated in the Orleans Justice Center ("OJC") at Orleans Parish Prison ("OPP").

7.

Defendant MARLIN N. GUSMAN is the Sheriff for the Parish of Orleans, State of Louisiana, and was Sheriff at all times relevant to this Complaint. He is responsible for the overall administration of all facilities part of OPP, including the provision of security, health, and medical services to persons in custody. He is responsible for the policies, practices, and customs of OPP as well as the hiring, training, control, supervision, and discipline of guards and other personnel. Defendant Gusman shared responsibility for the care and supervision of Plaintiff ABDUL POLK on all dates relevant to the Complaint. He is sued individually and in his official capacity.

8.

Defendant CHAZ RUIZ was Warden of OJC. He shared responsibility for the overall administration of OJC, including the provision of security, health, and medical services to

persons in custody. He shared oversight of the policies, practices, and customs of OJC as well as the hiring, training, control, supervision, and discipline of guards and other personnel. Defendant Ruiz also shared responsibility for the care and supervision of Plaintiff ABDUL POLK on all dates relevant to the Complaint. He is sued individually and in his official capacity.

9.

Defendant SANDERS is a deputy and guard employed by OPP. He was responsible for executing the policies, practices, and customs of OJC, including proper supervision of inmates. Defendant Sanders shared responsibility for the care and supervision of Plaintiff ABDUL POLK on all dates relevant to this complaint.

**STATEMENT OF FACTS**

10.

Orleans Parish Prison (OPP) maintains conditions posing a substantial risk of serious harm to inmates because of an insufficient inmate classification system; an institutional custom of guards failing to enforce the classification system in place; inadequate staffing; and an institutional custom of guards leaving their posts. Taken together, these conditions directly result in high levels of inmate-on-inmate violence in OPP. Defendants Sheriff Gusman and Warden Ruiz have been repeatedly put on notice that these conditions in OPP cause inmate-on-inmate violence, through inmate complaints and lawsuits, a 2009 findings letter from the United States Department of Justice, and most recently the consent judgment, signed personally by Sheriff Gusman, rendered June 6, 2013 as the outcome of the litigation in the United States District Court for the Eastern District of Louisiana entitled *Lashawn Jones, et al., and The United States of America v. Marlin Gusman*, Civil Action No.: 2:12-cv-00859, Section "I".  Despite substantial notice of persistent unconstitutional conditions at OPP, Defendants Gusman and Ruiz have failed

to take the action necessary to remediate these conditions. As a result of these conditions at OPP, and Defendants Gusman and Ruiz' deliberate indifference to the substantial risk of serious harm, on September 21, 2015, Plaintiff Abdul Polk was attacked and raped by McArthur Mackey, Jr., his cell mate, while housed in the Orleans Justice Center (OJC) at OPP.

11.

At all times relevant to this complaint, Plaintiff was in the custody of the Orleans Parish Sheriff's Office.

12.

Plaintiff is a male to female transgendered individual. Her sex is male, but she chooses to live as a female. She presents herself to others as female, dresses in women's clothes, wears makeup and wears wigs/hair extensions.

13.

On or about September 3, 2015, Plaintiff was taken into custody by the Orleans Parish Sheriff's Office for failure to appear in Orleans Parish Municipal Court for the misdemeanor charges of disturbing the peace and theft of goods under $500.00.

14.

Plaintiff was processed and taken to the OPP facility known as "the tents" where she was issued a yellow wrist band, on information and belief, intended to designate her as a non-violent, low-risk inmate and/or misdemeanor offender and/or bench warrant arrestee.

15.

Plaintiff was assigned to tent number two, on information and belief, the tent designated for non-violent, low-risk inmates and/or misdemeanor offenders and/or bench warrant arrestees

and/or transgendered individuals. All individuals housed with Plaintiff in tent number two wore yellow wrist bands.

16.

On or about September 14, 2015, the entire inmate population housed in the tents was transported to the newly open Orleans Justice Center (OJC). Plaintiff was among the inmates transported from the tents to the OJC. During the transport, Plaintiff was grouped in with the entire population of the tents, which included inmates with orange wrist bands, on information and belief, designated for violent, high-risk inmates and/or felony offenders.

17.

After arriving at OJC, Plaintiff and a group of other inmates were taken to tier/block/dorm "A-2". The inmates were not separated according to the color of their wrist bands and Plaintiff was not asked if she was a transgendered individual. Upon arriving at A-2 a female deputy instructed the inmates to "choose a cell." On information and belief, the female deputy was instructed to assign the cells herself, but elected not to do so because she was attempting to curry favor with the inmates. The deputy did not separate the inmates according to wrist band color when they were instructed to choose their cell.

18.

Plaintiff selected an empty cell (unknown number) on the lower floor of A-2. Soon after, she was joined by another inmate McArthur Mackey, Jr. ("Mackey"), who wore an orange wrist band.

19.

Upon information and belief, all times relevant to this complaint, McArthur Mackey, Jr. was a convicted felon for the violent crime of armed robbery and possessed an extensive criminal arrest record which included 1st degree rape and kidnapping.

20.

At no point from Plaintiff's original placement in A-2 on September 14, 2015, to her attack and rape on September 21, 2015 was any attempt made by deputies to separate her from Mackey, or separate any of the inmates in A-2 according to the color of their wrist bands, their gender affiliation, or their criminal history.

ATTACK AND RAPE OF PLAINTIFF

21.

On or about September 21, 2015 at approximately 1:30 a.m., Plaintiff was sleeping on the bottom bunk of her cell in A-2. Suddenly and without warning, Mackey descended from the upper bunk and attacked Plaintiff.

22.

In response to the attack, Plaintiff began to scream for help. She attempted to fight off Mackey, but was over powered and forcibly raped. At all times during the rape, Plaintiff repeatedly screamed for help, but no deputy ever came to the cell to investigate.

23.

On information and belief, at the time of the attack on Plaintiff, Defendant Sanders was assigned to monitor tier A-2 from a duty desk/station located inside of the tier where he would easily have heard Plaintiff's screams, and would have been easily been able to discover and stop

the attack. Plaintiff contends that Defendant Sanders was not at his post at the time of the attack and on information and belief was absent from his post for over one (1) hour.

24.

After she was raped, Plaintiff was briefly able to escape Mackey and access the intercom system located within her cell. After Plaintiff pressed the call button a female deputy answered and Plaintiff stated that she needed help and that she was being attacked. At that point, Mackey threw Plaintiff away from the intercom and stated everything in the cell was fine and that no assistance was needed. At no point following Plaintiff's first intercom call for help did any deputy come to the cell to investigate.

25.

For approximately thirty minutes following the rape, Mackey continued to attack Plaintiff and prevent her from accessing the intercom system. During that time Plaintiff was able to hit the call button two additional times, but received no answer. It was only after the fourth time that Plaintiff hit the call button that deputies came to her cell to investigate.

26.

During the approximately 30 minutes that elapsed between the time Plaintiff initially accessed the intercom until deputies arrived at the cell, Plaintiff was beaten, was placed in fear for her life, and because Mackey did not ejaculate, was fearful that she would be raped again.

27.

Following the rape, Plaintiff was transported to University Medical Center where she reported that she was sexually assaulted. Her medical examination revealed anal tears measuring approximately 5mm, contusions to her limbs and torso, and contusions to her neck.

28.

As a result of the attack and rape, Plaintiff, who was only 19 years of age when she was attacked, has suffered physical injuries and severe emotional distress.

29.

In late 2015, the Orleans Parish District Attorney charged McArthur Mackey, Jr. with five crimes stemming from the attack and rape of Plaintiff: Second Degree Battery; Intimidating/Impeding/Injuring Witnesses; Second Degree Rape; Aggravated Second Degree Battery; and Misdemeanor Sexual Battery.

## DEFENDANTS WERE ON NOTICE OF THE CONDITIONS LEADING TO THE ATTACK AND RAPE OF PLAINTIFF

30.

Despite direct knowledge that inmates with different color wrist bands were being housed together, and despite ample time to rectify this condition, at no point during Plaintiff's seven (7) day incarceration in tier A-2 of OJC was any attempt made by any member of OPSO staff to separate inmates according to the color of wrist band, or by gender identity.

31.

On information and belief, Defendants Gusman, Ruiz and Sanders had direct knowledge that McArthur Mackey, Jr. was a violent offender and acted with deliberate indifference when they housed him with Plaintiff.

32.

Defendants Gusman and Ruiz were on notice that housing violent offenders with non-violent offenders created a substantial risk of inmate-on-inmate violence at OPP.

33.

Defendants Gusman and Ruiz were on notice that failure to separate transgendered inmates from the general inmate population created a substantial risk of inmate-on-inmate violence at OPP.

34.

Defendants Gusman and Ruiz were on notice that the institutional practice of deputies failing to monitor their posts created a substantial risk of inmate-on-inmate violence at OPP.

**STATEMENT OF CLAIMS**

FIRST CAUSE OF ACTION: FAILURE TO PROTECT IN VIOLATION OF 42 U.S.C. § 1983 AND THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION AGAINST ALL DEFENDANTS

35.

Plaintiff re-alleges paragraphs 1-34 of this complaint and further states that:

36.

Defendants knew that conditions in OJC constituted a substantial risk of serious harm to Plaintiff's health and safety and that they violated Plaintiff's clearly established Eighth Amendment right to reasonable safety and humane conditions of confinement.

37.

Defendants chose not to respond to the conditions in OJC that constituted a substantial risk to Plaintiff's health and safety, despite notice from the consent judgment highlighting those substantial risks, and prescribing mandatory procedures to address said risks.

38.

Defendants chose not to respond to the conditions in OJC constituting a substantial risk to Plaintiff's health and safety by conduct including but not limited to: a) failing to classify inmates

according to a proper classification system; b) failing to enforce the classification system; c) failing to house inmates according to gender identity; d) failing to have a staffing plan that provided adequate supervision over inmates; e) failing to train deputies in OJC, which caused conditions constituting a substantial risk to Plaintiff's health and safety; and f) failing to supervise deputies in OJC, which caused conditions constituting a substantial risk to Plaintiff's health and safety.

39.

Defendants' failure to respond to the conditions in OJC was an objectively unreasonable response to a known, substantial risk.

40.

Defendants' failure to respond to the conditions in OJC that constituted a substantial risk to Plaintiff's health and safety caused Plaintiff's injuries.

41.

Defendants acted with deliberate indifference toward a substantial risk to Plaintiff's health and safety.

### SECOND CAUSE OF ACTION: FAILURE TO TRAIN IN VIOLATION OF 42 U.S.C. § 1983 AND THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION AGAINST DEFENDANT GUSMAN AND DEFENDANT RUIZ

42.

Plaintiff re-alleges paragraphs 1-34 of this complaint and further states that:

43.

Defendant Gusman, as head of OPP, and Defendant Ruiz, as head of OJC, were the policymakers for the OJC at OPP.

44.

As policymakers, Defendants Gusman and Ruiz were responsible for the training of deputies serving in the OJC.

45.

Defendants Gusman and Ruiz failed to adequately train OPP deputies, which caused unconstitutional conditions constituting a substantial risk to the health and safety of OJC inmates, including Plaintiff.

46.

Defendants Gusman and Ruiz were on notice that their failure to provide adequate training to OPP deputies caused unconstitutional conditions.

47.

Defendants Gusman and Ruiz' deliberate indifference to the need for adequate training was an official policy giving rise to official capacity liability.

48.

The official policy of inadequate training of OPP deputies caused the violation of Plaintiff's clearly established Eighth Amendment protection from cruel and unusual punishment.

THIRD CAUSE OF ACTION: FAILURE TO SUPERVISE IN VIOLATION OF 42 U.S.C. § 1983 AND THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION AGAINST DEFENDANT GUSMAN AND DEFENDANT RUIZ

49.

Plaintiff re-alleges paragraphs 1-34 of this complaint and further states that:

50.

Defendant Gusman, as head of OPP, and Defendant Ruiz, as head of OJC, were the policymakers for the OJC at OPP.

51.

As policymakers, Defendants Gusman and Ruiz were responsible for the supervision of deputies serving in the OJC.

52.

Defendants Gusman and Ruiz failed to adequately supervise OPP deputies, which caused unconstitutional conditions constituting a substantial risk to the health and safety of OJC inmates, including Plaintiff.

53.

Defendants Gusman and Ruiz were on notice that their failure to provide adequate supervision to OPP deputies caused unconstitutional conditions.

54.

Defendants Gusman and Ruiz' deliberate indifference to the need for adequate supervision was an official policy giving rise to official capacity liability.

55.

The official policy of inadequate supervision of OPP deputies caused the violation of Plaintiff's clearly established Eighth Amendment protection from cruel and unusual punishment.

FOURTH CAUSE OF ACTION: LIABILITY FOR ACTS CAUSING DAMAGES, LA. C.C. ART. 2315 AGAINST ALL DEFENDANTS

56.

Plaintiff re-alleges paragraphs 1-34 of this complaint and further states that:

57.

Defendants are liable to Plaintiff under the laws and jurisprudence of Louisiana.

58.

The actions and inactions of the Defendants constitute negligent physical injury and emotional distress pursuant to La. C.C. Art. 2315.

59.

The actions and inactions of the Defendants were the direct and proximate cause of the attack on Plaintiff.

60.

As a result of the attack on Plaintiff, she suffered physical injury, emotional distress, and pain and suffering.

### FIFTH CAUSE OF ACTION: LIABILITY FOR ACTS OF STUDENTS, SERVANTS OR APPRENTICES, LA. C.C. ART. 2320 AGAINST DEFENDANT GUSMAN AND DEFENDANT RUIZ

61.

Plaintiff re-alleges paragraphs 1-35 of this complaint and further states that:

62.

Defendants Gusman and Ruiz are liable to Plaintiff under the laws and jurisprudence of Louisiana.

63.

Defendants Gusman and Ruiz are vicariously liable for Plaintiff's injuries pursuant to La. C.C. Art. 2320.

64.

The actions and inactions of Defendants Gusman and Ruiz' employees or subordinates constituted intentional, reckless, or negligent infliction of damage in violation of Louisiana law pursuant to La. C.C. Art. 2315.

65.

As a result of the attack on Plaintiff, she suffered physical injury, emotional distress, and pain and suffering.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff ABDUL POLK requests this Honorable Court to grant the following relief, jointly and severally, against all Defendants:

A. Declaratory judgment that the Defendants' actions violated Plaintiff's rights as secured by 42 U.S.C. § 1983, the Eighth Amendment to the United States Constitution , and applicable state law;

B. Compensatory damages for violation of Plaintiff's rights in accordance with the Constitution and state law;

C. Compensatory damages for any and all incurred expenses, including medical expenses;

D. Damages for her physical pain and suffering as a result of injuries suffered due to Defendants' actions and inactions;

E. Damages for her mental and emotional distress;

F. Punitive damages against all Defendants in their individual capacities;

G. Costs and attorneys fees; and

H. Any and all further relief that this Honorable Court may deem just and proper.

Respectfully Submitted:

/s/ Samuel L. Fuller_____
**JOHN J. FINCKBEINER, JR. (# 18211)**
**SAMUEL L. FULLER (#35134)**
2203 Pakenham Drive
Chalmette, La 70043
Office: (504)279-5177
Fax: (504)279-5375
john@jfjustice.com
sfuller@jfjustice.com
*Attorneys for Plaintiff, Abdul Polk*